2016 UT App 74

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JERRY R. VALDEZ,
Appellant.

Per Curiam Decision
No. 20150402-CA
Filed April 14, 2016

Second District Court, Ogden Department
The Honorable Ernie W. Jones
No. 141902131

Samuel P. Newton , Attorney for Appellant

Sean D. Reyes and Laura B. Dupaix, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1     Jerry R. Valdez appeals from his sentences after pleading
guilty to one count of failure to register as a sex offender and
two counts of attempted unlawful sexual activity with a minor.
Valdez asserts that the district court erred in imposing
consecutive sentences

¶2     We review the sentencing decision of the district court,
including the decision to grant or deny probation, for an abuse
of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82
P.3d 1167. "An abuse of discretion results when the judge fails to
consider all legally relevant factors, or if the sentence imposed is
clearly excessive." *Id.* (citation and internal quotation marks
omitted). Furthermore, "[a]n appellate court may only find

abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* (second alteration in original) (citation and internal quotation marks omitted).

¶3      Utah Code section 76-3-401 states the legally relevant sentencing factors a trial court must consider before determining whether sentences will be imposed concurrently or consecutively: "the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76-3-401(2) (LexisNexis 2012). However, as a general rule, a district court's decision to impose consecutive sentences is upheld "whenever it would be reasonable to assume that the court" considered the statutory factors, even if the court "failed to make findings on the record." *State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626 (citation and internal quotation marks omitted). Accordingly, it is the defendant's burden to demonstrate that the district court did not properly consider the relevant factors, and appellate courts "will not assume that the trial court's silence, by itself, presupposes that the court did not consider the proper factors as required by law." *Id.* To do otherwise "would trample on the deference this court usually gives to the sentencing decisions of a trial court." *Id*.

¶4      Valdez asserts that the district court failed to adequately consider his character and rehabilitative needs when it imposed consecutive sentences. Contrary to Valdez's assertions, the record, taken as a whole, reveals that the district court did consider Valdez's rehabilitative needs prior to sentencing. For example, Valdez presented the court with several letters from individuals supporting Valdez's character and describing positive changes they had seen in him over the previous few years. The district court took a recess to read the letters. The district court also reviewed the Presentence Investigation Report and provided Valdez with an opportunity to address the court. Further, prior to pronouncing its sentence the district court

acknowledged that Valdez had "a lot of support from family and friends." Valdez points us to no information that he attempted to present to the court that it refused to consider. Thus, it is clear that the issue of Valdez's potential rehabilitative needs was presented to and considered by the court. The district court simply concluded that the other factors supporting consecutive sentences outweighed those factors favoring concurrent sentences.

¶5     Specifically, the court focused on the fact that Valdez had been convicted of a similar crime some years before. Following that conviction, Valdez was "given a break" and sentenced to probation. However, Valdez was eventually sent to prison for violating probation. He subsequently was paroled on three separate occasions and returned to prison each time for violating the terms of his parole. Accordingly, the court was concerned by the fact that Valdez not only did poorly on supervised release, but ultimately committed another crime involving a minor. Under the totality of the circumstances, we cannot say that the district court abused its discretion.

¶6     Affirmed.

———————